McFarland, J.,
delivered the opinion of the Court.
In the year 1859, a partnership firm composed of six persons, under the style of Black more, McMaury, Tompkins & Co., became the owners by purchase of certain valuable real estate in Sumner county upon which a spinning factory had been erected, and for some time thereafter the firm carried on the business for which the property was purchased. William H. Solomon was one of this firm, owning one sixth interest. Said Solomon died about May, 1860, leaving a paper, which was afterwards proven in common form as his will.
*553 This paper contains, among other things, the following clauses: “ Having an interest in the factory in this place, being a partner with J. A. Blackmore and others, I desire that my wife remain as a partner, with power of the executor hereafter named to sell my interest and confer my title upon the purchaser. She shall go on and conduct as she sees proper, and sell if she sees proper, the interest to be hers for life and remainder to my child. In the event of the death of the child without heirs living at the time of her death, remainde.r to my father, if living, if not, to my next of kin.
“Fourth, my executor shall have power to sell and dispose of my interest in the factory, whenever it may appear to be manifestly to the interest of my legatees.”
The widow was appointed executrix, but she renounced the office. J. J. Turner was then appointed administrator. The business of the firm continued for some time after the death of Solomon, and until about the 1st of January, 1862, when the factory property, embracing the real estate, was sold to the defendants Fitzgerald & Go., and a deed conveying the property to them was executed by the five surviving partners of the firm, and also executed by Mrs. Elizabeth Solomon.
This deed, in the usual form, with covenants of seizure and waranty of title, was signed and sealed by the six individuals, purports to be in consideration of • $28,500, and was duly acknowledged and registered on the 8th of January, 1866. The original bill in *554 this case was filed by Mrs. Solomon, in her own right and as next friend of her infant daughter, to recover from the purchasers their one-sixth title to the property and all improvements, and for the rents thereof. This relief is prayed for upon the grounds, that the complainant Elizabeth never having qualified as executrix, had no power to sell and convey the real estate, and further, upon the ground that she was induced to join in the conveyances by the pursuasions of the other partners, and received little or nothing for her interest but Confederate bonds and Confederate money, etc. The administrator, by amendment, became a party, and joined in the relief prayed for, showing that he had no connection with the transaction. By an amended bill filed August 4, 1867, it is shown that after the filing of the original bill, to-wit: in June, 1867, the aforesaid will of W. H. Solomon having been removed to the Circuit Court was set aside upon an issue of devisavit vel non. After demurrers were overruled, these bills were answered. A cross bill was filed by the defendants, bringing in the other partners of the firm, praying, in the event the complainants are successful, a return of the purchase money, and compensation for improvements, etc. Many interesting questions have been argued.
1. Assuming for the argument, that the complainant Elizabeth did not have the power under the will of her husband to convey this interest in the real estate, either because she did not qualify as executrix or because the will was afterwards set aside, (questions *555 however upon which we express no opinion) did the defendants obtain a title under the deed executed by the surviving partners of the firm?
This question has recently been before this Court, . in the case of G. W. Criffey v. Jas. and M. Northcut and others, decided at the last term at Jackson. Athu In the opinion of the Court, the cases of McAlister v. Montgomery, 3 Hay., 67, Yeatman v. Woods, 6 Yer., 20; Barcroft v. Snodgrass, 1 Col., 445, are referred to and reviewed, and it was held that when real estate is held in partnership, upon the death of one partner the survivors have the power to sell and convey the realty, without regard to whether it is necessary to pay the debts or not, and in such ease the purchaser would get a good title. That the only change made upon the common law doctrine by the act of 1784, is, that the surplus or remainder, after discharging the lien in favor of the other partners and creditors, goes to the heirs, and not, the personal representative. Judge Freeman in delivering the opinion of the Court, says: “ The principle of the case is, that the real partnership property vests .in the survivor absolutely until the partnership affairs are wound up, and he may sell the same (no collusion or fraud being in the case) whether the sale shall be demanded for the payment of debts or not, and the purchasers would get a good title. Should he sell, the proceeds of such sale after the payment of debts, go to the heir as real representative and not to the administrator or executor. If stock remain on settlement of the partnership, both real and personal, *556 the realty goes to the heir, the personalty to the administrator or executor.”
This being a very recent case, we do not deem it necessary to attempt to add to the reasons given in that opinion for the doctrine announced.
This is conclusive of this case. The ‘ property in question here, is admitted to have been partnership property owned by the firm before mentioned. The deed to the defendants was executed by the five surviving partners, and as they are not complaining of it, it must be held to have conveyed the title, and that the defendants can not be ejected. That the surviving partners do not describe themselves as such, in the deed, is not material. The record shows they are the surviving partners; they all execute it; it purports to convey the whole property; and it contains covenants of warranty and seizure. It must be held to convey all the title that these parties had the power to convey; and as we have seen, they had the power to convey the whole estate.
If the surviving partners have not acted in good faith, and accounted to the parties entitled for the surplus assets of the partnership property, including their real estate, the remedy of the complainant is against them.
The decree of the Chancellor must be reversed and the bill dismissed.